# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:13-CR-00427-LJO-SKO |
| **Plaintiff-Respondent,** | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION |
| v. | |
| **OMAR JUAREZ ANDRADE,** | **ECF Nos. 41, 42, 43, 44.** |
| **Defendant-Petitioner.** | |

Omar Juarez Andrade ("Petitioner") is currently serving a 168-month sentence for conspiracy to distribute methamphetamine under 21 U.S.C. § 846 and 841(a)(1). On October 17, 2016, Petitioner filed three motions: (1) a motion to vacate his sentence pursuant to 28 U.S.C § 2255 ("§ 2255") (ECF No. 41), (2) a motion for leave to file in abeyance his § 2255 motion (ECF No. 42), and (3) a motion to proceed in forma pauperis (ECF No. 43). On December 13, 2016, Petitioner filed a fourth motion requesting transcripts and certain other documents in the record. (ECF No. 44.)

Petitioner identifies three general grounds for his § 2255 motion: (1) he should not have been sentenced in Category III, (2) he was a "minor participant" in the crime and thus is eligible for a reduction under United States Sentencing Guidelines ("USSG") § 3B1.2, comment n.1(c), and (3) he is eligible for an adjustment under USSG § 5C1.2. (ECF No. 41.) Petitioner does not supply supporting facts as to these claims, but instead indicates that they will be developed once he receives the record. (*Id.*) Petitioner asks that this motion be held in abeyance to allow him to develop facts. (ECF No. 42.)

Section 2255 provides, in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation

1

period shall run from the latest of—

    **(1)**    the date on which the judgment of conviction becomes final;
    **(2)**    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    **(3)**    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    **(4)**    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment against Petitioner on July 10, 2015. (ECF No. 40.) Where the defendant does not take a direct appeal, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). Therefore, because defendant did not take a direct appeal, his judgment of conviction became final on July 24, 2015, fourteen days after the judgment was entered. He filed his petition pursuant to § 2255 on October 6, 2016[1] – more than one year after judgment became final.

Petitioner does not allege that governmental action prevented him from making a timely motion. Therefore, he is not entitled to a later accrual date under § 2255(f)(2). *See Robles-Vargas v. United States*, Nos. 05CR0117 H, 07CV0861 H, 2008 WL 755895, at *3 (S.D. Cal. Mar.19, 2008) ("To constitute an impediment to trigger statutory tolling, the government must have imposed the impediment in violation of the Constitution or laws of the United States.")

Similarly, Petitioner does not assert any claim based on a right newly recognized by the Supreme Court. Petitioner's second ground for relief asserts that he is eligible for relief under "newly amended"

---

[1] Although Petitioner's motion was filed in this Court on October 17, 2016, for statute of limitations purposes, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988). Therefore, the Court construes October 6, 2016 as the date of filing. Using either date, Petitioner's motion was filed more than one year after judgment became final.

2

USSG § 3B1.2, which allows for a reduction in sentence for minor participants.[2] An amendment to the USSG, such Amendment 794 which Petitioner cites in support of his claim, is not the "type of event that restarts the clock for the § 2255 statute of limitations" under § 2255(f)(3). *United States v. Valencia*, Nos. 13-CR-6029-EFS, 4:16-CV-5107-EFS, 2016 WL 4491848, at *2 (E.D. Wa. Aug. 25, 2016); *see also Pratt v. United States*, No. 14CR3308-AJB, 2016 WL 7012544, at *3 (S.D. Cal. Dec. 1, 2016) (same); *United States v. Yanez*, Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) (finding *Quintero-Leyva* did not apply to the petitioner's § 2255 motion).

Lastly, although Petitioner claims not to have the facts he needs to make the motion, he does not allege that he pursued his claim with reasonable diligence in the period between July 24, 2015 and October 6, 2016. *See United States v. Young*, No. 3:09-CR-00129 JWS, 2014 WL 4748567, at *6 (D. Alaska Sept. 22, 2014) (petitioner is required "at a minimum, to allege his reasonable diligence during this timeframe"). Petitioner has not demonstrated that he is entitled to a later accrual date under § 2255(f)(4).

Therefore, the statute of limitations began running on July 24, 2015 when his conviction and judgment became final, and expired one year later on July 24, 2016. Plaintiff's § 2255 petition was not filed until more than two months after the expiration of the statute of limitations.[3]

---

[2] The Court notes that a petition for a reduction in sentence under an amendment to the Sentencing Guidelines is more properly brought as a motion for modification of sentence under 18 U.S.C. § 3582. *See Ono v. Pontesso*, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) ) ("Ono is seeking modification of his sentence based on the application of Amendment 484 to the Sentencing Guidelines. Such a request is most appropriately brought as a motion under 18 U.S.C. § 3582"). However, even if Petitioner's claim were construed as a motion under § 3582, his motion would fail because clarifying amendments, such as Amendment 794, do not apply retroactively in a motion under § 3582. *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to a defendant who argued at sentencing, prior to the amendment, for the minor role reduction); *United States v. Yanez*, Case Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) ("Amendment 794 is not retroactive for purposes of a § 3582 motion").

[3] The Court construes the "abeyance" Petitioner seeks to employ to be similar in form to the relation back doctrine of Federal Rule of Civil Procedure 15(c)(2). Under Rule 15(c)(2) "an amendment of a pleading relates back . . . when the claim . . . asserted . . . arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Several circuit courts have held that Rule 15(c)(2) applies to § 2255 petitions "insofar as a District Court may, in its discretion permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000); *Vega-Figueroa v. United States*, 206 F.R.D. 524,

Petitioner's motion was not filed within the applicable statute of limitations and is therefore DENIED.

Because Petitioner's motion pursuant to 28 U.S.C. §2255 is denied as untimely, his request for records and motion to proceed in forma pauperis are DENIED AS MOOT.

Finally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for his § 2255 motion.

Accordingly, **IT IS HEREBY ORDERED:**

1) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 41) is **DENIED**.

2) Petitioner's motion for leave to file in abeyance his 28 U.S.C. § 2255 motion (ECF No. 42) is **DENIED** and a certificate of appealability for this motion is likewise **DENIED**.

3) Petitioner's motion to proceed in forma pauperis (ECF No. 43) is **DENIED AS MOOT**.

4) Petitioner's motion in request for records (ECF No. 44) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated:   **January 3, 2017**          /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE

---

524-25 (D.P.R. 2002). However, since the initial petition was not filed within the statute of limitations period, it cannot serve as a placeholder to which a subsequent petition could "relate back."